ALFRED E. GILES *vs.* BOSTON FATHERLESS AND WIDOWS' SOCIETY & others.

A testator gave to his wife the income of certain real and personal property, and directed that upon her death the same should be sold and the money arising therefrom should be paid over to a charitable society on condition that they should keep his tomb in repair. His wife lived several years, and during her life kept the tomb in repair. Two years after her death, and as soon as the society knew of the bequest, they voted to accept it, and assumed the care of the tomb. *Held*, that they were entitled to the benefit of the bequest

GRAY, J. Charles T. Hildreth by his will appointed his wife executrix, " or in case of her death, the person who shall be for the time then being treasurer of the Fatherless and Widows' Society of Boston, or the person the society may designate." He directed his body to be buried in his lot at Mount Auburn. He gave his wife his household goods and silver plate. He also gave her for life the income of his other property, real and

personal, and ordered it to be turned into money before or on her death, and by the testator's " executor be forthwith paid to " that society, to be by them kept at interest, and the interest only appropriated to the wants of their applicants. " And the money is only given to them on their complying with the following conditions : I direct and enjoin upon the said society that they keep my lot, No. 291, at Mount Auburn, in repair, by the superintendent of Mount Auburn, who is to mow the grass three times a year, cultivating flowers in the borders and on the graves, and painting the iron fence once in three years, and renewing the fence when it becomes necessary."

The widow and executrix survived her husband about sixteen years, and during her life took care of the lot and paid the expense out of the income received from her husband's estate The will had been admitted to. probate, and the account of the executrix settled in the probate court, after publication of the usual notices. The society had no other notice or knowledge of the provisions of the will, until informed thereof two years after the widow's death by one of her heirs; and thereupon voted to accept the legacy, subject to the provisions of the will concerning it, obtained the appointment by the probate court of the plaintiff to be administrator *de bonis non*, and undertook, begun and have since continued to keep the lot in repair, as required by the will. The heirs at law nevertheless claim the property, upon the ground that the society were bound to keep the burial-place in repair from the time of the interment.

But the testator manifestly intended that his burial-place should be kept in repair by the party enjoying his property ; that the property and the duty should go together; to intrust this office to the feeling and taste of his widow during her life, and to impose it upon the society when they should have received his bequest, and not before. If an administrator had been appointed upon the death of the widow, it would have been his duty to notify the society of the legacy and " forthwith " pay it to them, without waiting for any demand. The society could not receive the legacy except through an administrator. As soon as they had notice of the legacy, and within two years after they

were entitled to it, they voted to accept it, undertook the per-
formance of the conditions on which it was given, and procured
the appointment of an administrator through whom they might
receive it. Upon any reasonable construction of the condition,.
the society have done the utmost which the law could require of
them under the circumstances of the case.

It may well be doubted whether this condition to maintain a
private tomb or burial-place was not void, as tending to create a
perpetuity. *Durour* v. *Motteux,* 1 Ves. Sen. 322. *Doe* v. *Pitcher,*
6 Taunt. 370 ; *S. C.* 2 Marsh. 71. *Lloyd* v. *Lloyd,* 2 Sim. (N.
S.) 264. *Rickard* v. *Robson,* 31 Beav. 244. *Fowler* v. *Fowler,*
33 Beav. 616. *Dexter* v. *Gardner,* 7 Allen, 247. But if it was
void, it did not defeat the gift. *Attorney General* v. *Greenhill,*
33 Beav. 193. *Drury* v. *Natick, ante,* 169. If it was valid, it
has been sufficiently complied with. In either view, the society
are entitled to a decree for the payment and transfer of the fund
to them.

No question arises upon the validity or effect of the bequest
over to the Trustees of the Newton Theological Seminary in
case the Fatherless and Widows' Society should fail to perform
the conditions of their bequest. *Decree accordingly.*

*J. D. Bryant,* for the Boston Fatherless and Widows' So-
ciety.

*G. D. Noyes,* for the heirs at law.